IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| TERESA SPAGNA,<br><br>    Plaintiff,<br><br>vs.<br><br>DANIEL W. TIFT, JONAH M. BUSS, CODY M. CASPER, ALAN J. ANDERSON, and DAVID MELER, individually and as agents of Phi Kappa Psi Fraternity, Inc. and the Nebraska Beta Chapter of Phi Kappa Psi Fraternity; and NEBRASKA BETA CHAPTER OF PHI KAPPA PSI FRATERNITY, an unincorporated association;<br><br>    Defendants. | 8:19CV481<br><br>ORDER |

  Plaintiff filed an Amended Complaint on April 3, 2020, adding Nebraska Beta Chapter of Phi Kappa Psi Fraternity, an unincorporated association, (the "Chapter") as a defendant. (Filing No. 92). On August 13, 2020, the Court entered a show cause Order (Filing No. 151), directing Plaintiff to show cause why this case should not be dismissed as to the Chapter pursuant to Federal Rule of Civil Procedure 4(m) or for want of prosecution. (Filing No. 151).

  Plaintiff timely filed a response to the show cause order on August 26, 2020. (Filing No. 160). Plaintiff asserts the now dismissed defendant, Collin Gill, was the last known president of the Chapter, and the other individually named defendants were the last known officers of the Chapter. Because those defendants were individually served with summons and a copy of the Complaint and/or Amended Complaint, Plaintiff maintains the Chapter has already been served pursuant to Fed. R. Civ P. 4(h). Plaintiff asks that, in the alternative, the Court authorize service upon the Chapter by publication. See Filing No. 160.

  Under Rule 4(h), an "unincorporated association that is subject to suit under a common name" may be served in the manner prescribed by Rule 4(e)(1) for serving an individual, or by delivering a copy of the summons and of the complaint to an officer of the unincorporated association. See Fed. R. Civ. P. 4(h). Although Plaintiff is correct that an unincorporated association may be served by serving an officer of the unincorporated association, Plaintiff has not demonstrated that the Chapter has been properly served. Specifically, Rule 4(a)(1)(B) requires a summons to "be directed to the defendant," and a summons or copy of a summons addressed to

multiple defendants "must be issued for each defendant to be served." Fed. R. Civ. P. 4(b). There is no evidence before the Court that Plaintiff requested, or that the clerk of court issued, a summons directed to the Chapter specifically. "Unless service is waived, proof of service must be made to the court." Fed. R. Civ. P. 4(l)(1). "'If a defendant is improperly served, a federal court lacks jurisdiction over the defendant.'" *Bell v. Pulmosan Safety Equip. Corp.*, 906 F.3d 711, 714 (8th Cir. 2018) (quoting *Printed Media Servs., Inc. v. Solna Web, Inc.*, 11 F.3d 838, 843 (8th Cir. 1993)). Based on the record before the Court, it does not appear the Chapter has been properly served. However, under the circumstances, the Court will grant Plaintiff an extension of time to properly serve the Chapter. Accordingly,

**IT IS ORDERED** that Plaintiff shall have an extension of time to **October 2, 2020**, to serve defendant Nebraska Beta Chapter of Phi Kappa Psi Fraternity, an unincorporated association.

Dated this 2nd day of September, 2020.

BY THE COURT:

s/Michael D. Nelson
United States Magistrate Judge