IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| TERESA SPAGNA,<br><br>              Plaintiff,<br><br>vs.<br><br>DANIEL W. TIFT, individually and as an agent of Phi Kappa Psi Fraternity, Inc. and the Nebraska Beta Chapter of Phi Kappa Psi Fraternity; JONAH M. BUSS, individually and as an agent of Phi Kappa Psi Fraternity, Inc. and the Nebraska Beta Chapter of Phi Kappa Psi Fraternity; CODY M. CASPER, individually and as an agent of Phi Kappa Psi Fraternity, Inc. and the Nebraska Beta Chapter of Phi Kappa Psi Fraternity; ALAN J. ANDERSON, individually and as an agent of Phi Kappa Psi Fraternity, Inc. and the Nebraska Beta Chapter of Phi Kappa Psi Fraternity; DAVID MELER, individually and as an agent of Phi Kappa Psi Fraternity, Inc. and the Nebraska Beta Chapter of Phi Kappa Psi Fraternity; and NEBRASKA BETA CHAPTER OF PHI KAPPA PSI FRATERNITY, an unincorporated association;<br><br>              Defendants. | 8:19-CV-481<br><br>**MEMORANDUM AND ORDER** |

## I.      INTRODUCTION

This matter is before the Court on the Motions for Judgment on the Pleadings filed by Defendants, Jonah Buss, David Meler, Cody Casper, and Alan Anderson (the "12(c) Defendants"); the Motion for Judgment filed by Plaintiff, Teresa Spagna; and the Motions to Dismiss filed by Defendants, Daniel Tift and Nebraska Beta Chapter of Phi Kappa Psi (the "Chapter"). Filing 152; Filing 154; Filing 156; Filing 158; Filing 163; Filing 179; Filing 187. For the reasons stated below, the Court grants Defendants' motions and denies Plaintiff's motion as moot.

## II.      BACKGROUND

The factual background of this case was fully laid out in the Court's previous Order dated August 13, 2020 (the "August 13 Order"). Filing 149 (Smith Camp, J.).[1] Spagna brings this action against individual and corporate defendants associated with the fraternity Phi Kappa Psi, claiming their negligence resulted in an intoxicated pledge becoming belligerent, entering her dorm, and cutting her across the neck with a pocketknife.

In the August 13 Order, the Court dismissed Defendants Brendan Rezich; Troy Taylor; Collin Gill; Park Avenue Phi Psi House, Inc. ("Park Avenue"); and Phi Kappa Psi Fraternity, Inc. (the "National Fraternity"). Filing 149. Rezich, Taylor, and Gill were dismissed because "[n]o reasonable person could find that, as a result of providing Wheeler with alcohol, the Individual Defendants reasonably could have foreseen that he would enter a private dorm room and attack a student." Filing 149 at 9-10. Park Avenue and the National Fraternity were dismissed because "Wheeler's criminal acts were an efficient intervening cause of Spagna's injuries, and the Corporate Defendants' allegedly negligent acts did not proximately cause Spagna's injuries." Filing 149 at 13.

Buss and Meler filed Motions for Judgment on the Pleadings on August 20, 2020. Filing 152; Filing 154. Casper and Anderson filed identical motions on August 26, 2020. Filing 156; Filing 158. Spagna filed her Motion for Judgment on September 3, 2020. Filing 163. Tift filed his Motion to Dismiss on September 23, 2020, and the Chapter filed its Motion to Dismiss on October 28, 2020. Filing 179; Filing 187.

### III. ANALYSIS

#### A. Standard of Review

---

[1] This matter was transferred to the undersigned judge upon the unexpected and untimely death of Senior Judge Laurie Smith Camp in September 2020. Filing 183.

2

A motion for judgment on the pleadings under Rule 12(c) is reviewed under the same standard as a motion to dismiss under Rule 12(b)(6), *Ginsburg v. InBev NV/SA*, 623 F.3d 1229, 1233 n.3 (8th Cir. 2010); *Westcott v. City of Omaha*, 901 F.2d 1486, 1488 (8th Cir. 1990), and is "appropriate where no material issue of fact remains to be resolved and the movant is entitled to judgment as a matter of law." *Minch Family LLLP v. Buffalo-Red River Watershed Dist.*, 628 F.3d 960, 965 (8th Cir. 2010) (quoting *Faibisch v. Univ. of Minn.*, 304 F.3d 797, 803 (8th Cir. 2002)).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). To satisfy this requirement, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Corrado v. Life Inv'rs Ins. Co. of Am.*, 804 F.3d 915, 917 (8th Cir. 2015) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Barton v. Taber*, 820 F.3d 958, 964 (8th Cir. 2016) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Zink v. Lombardi*, 783 F.3d 1089, 1098 (8th Cir. 2015) (quoting *Iqbal*, 556 U.S. at 678). The complaint's factual allegations must be "sufficient to 'raise a right to relief above the speculative level.'" *McDonough v. Anoka Cnty.*, 799 F.3d 931, 946 (8th Cir. 2015) (quoting *Twombly*, 550 U.S. at 555). The Court must accept factual allegations as true, but it is not required to accept any "legal conclusion couched as a factual allegation." *Brown v. Green Tree Servicing LLC*, 820 F.3d 371, 373 (8th Cir. 2016) (quoting *Iqbal*, 556 U.S. at 678). Thus, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Ash v. Anderson Merchandisers, LLC*, 799 F.3d 957, 960 (8th Cir. 2015) (quoting *Iqbal*, 556 U.S. at 678).

On a motion to dismiss, courts must rule "on the assumption that all the allegations in the complaint are true," and "a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and 'that a recovery is very remote and unlikely.'" *Twombly*, 550 U.S. at 555 & 556 (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)). "Determining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Mickelson v. Cnty. of Ramsey*, 823 F.3d 918, 923 (8th Cir. 2016) (alteration in original) (quoting *Iqbal*, 556 U.S. at 679).

Further, with respect to a motion for judgment on the pleadings, "[t]he movant has the burden of 'clearly establish[ing] that there are no material issues of fact and that it is entitled to judgment as a matter of law.'" *Levitt v. Merck & Co.*, 914 F.3d 1169, 1171 (8th Cir. 2019) (quoting *Porous Media Corp. v. Pall Corp.*, 186 F.3d 1077, 1079 (8th Cir. 1999)).

### B. Federal Rule of Civil Procedure 12(c) Timeliness

Spagna argues that the pleadings are not closed because Tift and the Chapter have not filed answers and could conceivably file counterclaims or crossclaims. The 12(c) Defendants argue that because they have filed answers and no counterclaims or crossclaims, the pleadings are closed as to them. The Court must therefore address whether Rule 12(c) requires the pleadings to be closed for all parties, or only for the moving parties.

Federal Rule of Civil Procedure 12(c) provides that "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Under Rule 12(c), the pleadings are closed "once a complaint and answer have been filed, assuming . . . that no counterclaim or cross-claim is made." *Sevela v. Kozeny & McCubbin, L.C.*, No. 8:18CV390, 2019 WL 2066924, at *3 (D. Neb. May 2, 2019) (quoting *Shame on You Prods., Inc. v. Banks*, 120

4

F. Supp. 3d 1123, 1142 (C.D. Cal. 2015)); *see also* 5C Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1367 (3d ed. Oct. 2020 Update) ("Rule 7(a) provides that the pleadings are closed upon the filing of a complaint and an answer (absent a court-ordered reply), unless a counterclaim, crossclaim, or third-party claim is interposed, in which event the filing of an answer to a counterclaim, crossclaim, or third-party answer normally will mark the close of the pleadings.").

Spagna does not cite to any case in which a court has held that a Rule 12(c) motion was untimely because another defendant had not answered. However, the Court is aware of a recent decision in which a court found a Rule 12(c) motion was timely as to one defendant even though other defendants had not yet filed an answer. *See Marlowe v. LeBlanc*, Civil Action No. 18-00063-BAJ-EWD, 2020 WL 6276956, at *4 (M.D. La. Oct. 26, 2020) ("Here, only one Defendant—Dr. John Morrison—has filed an Answer in response to the operative SAC. As such, Defendants' request for judgment on the pleadings under Rule 12(c) is premature for all Defendants except Dr. Morrison, and the Court will treat Defendants' Motion as a motion to dismiss under Rule 12(b)(6)."). All 12(c) Defendants have filed answers to the operative amended complaint, and no counterclaims, crossclaims, or third-party claims have been filed. *See* Filing 106; Filing 111; Filing 112; Filing 114. The Court concludes that the 12(c) Defendants' motions for judgment on the pleadings are timely because the pleadings are closed as to these defendants.[2]

### C. Sufficiency of the Pleadings

The Court previously determined, regarding the motions to dismiss filed by Defendants Rezich, Taylor, and Gill, that "[n]o reasonable person could find that, as a result of providing

---

[2] The Court additionally notes that since Defendants Tift and the Chapter are being dismissed from this lawsuit in Section C below, this further supports finding the 12(c) Defendants' motions for judgment on the pleadings to be timely. The dismissal of Tift and the Chapter will preclude the filing of counterclaims, crossclaims, or third-party claims by these defendants, which is Spagna's argument against considering the 12(c) motions at this time.

Wheeler with alcohol, [defendants] reasonably could have foreseen that he would enter a private dorm room and attack a student." Filing 149 at 9-10. The allegations against the 12(c) Defendants and Tift are substantively identical to the allegations against the now-dismissed individual defendants. The Court sees no reason to essentially reverse the sound judgment of the late Senior Judge Laurie Smith Camp, made only a few short months ago. For the reasons outlined in the Court's previous order, Spagna's allegations fail to present a claim that the 12(c) Defendants and Tift breached any duty of reasonable care they may have owed her. *See* Filing 149 at 9-10.

Likewise, Spagna's allegations against the Chapter are substantively similar to those against the previously dismissed corporate defendants. Therefore, as outlined in the Court's previous order, even if the Chapter breached a duty owed to Spagna, Wheeler's criminal acts constituted an efficient intervening cause, and consequently, the Chapter did not proximately cause Spagna's injuries. *See* Filing 149 at 13.

### D. Dismissal with Prejudice

"A district court, in its discretion, may dismiss a pleading for failure to state a claim with or without prejudice." *Paisley Park Enterprises, Inc. v. Boxill*, 361 F. Supp. 3d 869, 880 n.7 (D. Minn. 2019) (citing *Orr v. Clements*, 688 F.3d 463, 465 (8th Cir. 2012)). Dismissal with prejudice is appropriate if amending the complaint would be futile. *See Pet Quarters, Inc. v. Depository Tr. & Clearing Corp.*, 559 F.3d 772, 782 (8th Cir. 2009) Where a plaintiff does not submit a proposed amended complaint or indicate what would be added to make a complaint viable, dismissal with prejudice is appropriate. *Id.* Spagna has not moved to amend nor has she indicated how an amendment would cure the deficiencies in the complaint. Accordingly, Spagna's claims will be dismissed with prejudice.

### IV. CONCLUSION

6

As the allegations against the moving defendants are not meaningfully different than the allegations against the defendants the Court has already dismissed, the Court dismisses this action for the reasons explained in the August 13 Order. The Court denies Plaintiff's motion for judgment as moot as this order will be accompanied by an appealable judgment.

IT IS ORDERED:

1. The Motions for Judgment on the Pleadings filed by Defendants Jonah Buss, David Meler, Cody Casper, and Alan Anderson ([Filing 152](); [Filing 154](); [Filing 156](); [Filing 158]()) are granted;

2. The Motion for Judgment filed by Plaintiff Teresa Spagna ([Filing 163]()) is denied as moot;

3. The Motions to Dismiss filed by Defendants Daniel Tift and the Nebraska Beta Chapter of Phi Kappa Psi ([Filing 179](); [Filing 187]()) are granted;

4. This action is dismissed with prejudice; and

5. A separate judgment will be entered.

Dated this 3rd day of December, 2020.

BY THE COURT:

_____
Brian C. Buescher
United States District Judge

7